IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| American Reliable | | |
| Insurance Company a/s/o | | |
| Bill Brazzel | | |
| | | CIVIL ACTION NO.: |
| | | 3:21-cv-00848 |
| | Plaintiff, | |
| vs. | | |
| | | |
| | | |
| Laurie Addington, et al. | | |
| | Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO F.R.C.P 12(f) OR, IN THE ALTERNATIVE, FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P 12(c)

COMES NOW the Plaintiff, American Reliable Insurance Company ("ARIC") as subrogee of Bill Brazzel ("Brazzel") by and through undersigned counsel, pursuant to Rule 12(f), requests the Honorable Court strike Defendants' Affirmative Defenses 1-4, or, in the alternative enter partial judgment, pursuant to Rule 12(c), in its favor deeming the "Sutton Rule" inapplicable to the Defendants Addington and Perez[1]. In support of its Motion(s), the Plaintiff submits this Memorandum of Law.

## PERTINENT FACTS AND PROCEDURAL HISTORY

## FACTS:

This action arises out of a fire which occurred on November 13, 2019 and damaged the property owned by Plaintiff's insured, Bill Brazzel, located at 312 Railroad St. Dickson,

---

[1] For the sake of simplicity, Defendant David Brogdon, Esq. as Administrator Ad Litem of the Estate of Joshua Michael Perez is referred to herein as "Perez".

Tennessee. (Doc. 1/Exhibit "A" ¶¶5 and 18)[2]. In its Complaint, Plaintiff alleges that the fire was caused by defendants' "misuse of a kerosene heater", *specifically* defendants' use of gasoline instead of kerosene to fuel the heater. (Exhibit "A" ¶¶22-23). Defendants do not dispute that the fire was caused by the kerosene heater and that, on the date of the fire, they admit that the "heater was being used with gasoline." (Doc. 15/Exhibit "B" ¶¶22-23)[3].

On the day of the fire, the Brazzel property was occupied by Jeffrey Primer, Laura Addington and Ms. Addington's adult son Joshua Michael Perez. (Exhibit "A" ¶12). Notwithstanding, "Jeffrey Primer" was the sole lessee (and sole tenant signatory) listed on the lease. See Exhibit "C"[4]. The lease explicitly stated that the property was "to be used and occupied by the Lessee solely as a private dwelling for the Lessee *and family*". Exhibit "C" (emphasis added).

The defendants have admitted that "there are no other written leases that exist for the subject property" (Exhibit "B" ¶8). Furthermore, defendants admit that while Ms. Addington and Mr. Pimer were in a romantic relationship, they were not married. (Exhibit "B" ¶13). Additionally, they admit that "Mr. Perez [Ms. Addington's adult son from a prior relationship] was not related to Mr. Pimer by blood or adoption." (Exhibit "B" ¶14). Accordingly, defendants do not qualify under the plain meaning or legal definition of "family"; which is defined as "a group of people who are *related* to each other" (www.merriamwebster.com (derived from Merriam-Webster's

---

[2] For the convenience of the Court, Plaintiff's Complaint (Doc. 1) is attached hereto as Exhibit "A" and will be referred to simply as Exhibit "A" below.
[3] For the convenience of the Court, Defendants' Answer (Doc. 15) is attached hereto as Exhibit "B" and will be referred to simply as Exhibit "B" below.
[4] The Lease was attached to and incorporated in the Complaint (Ex. "A"). Its authenticity has been confirmed and admitted to by Defendants in their Answer (Ex. "B").

Collegiate Dictionary 11th ed.)) (emphasis added)[5]. Defendants tacitly acknowledge this truth in their pleading when they assert that Primer, Addington and Perez "functioned as a family," rather than stating that they were family.

**PROCEDURAL HISTORY**

This matter was originally filed by the Plaintiff[6] against Primer, Addington and Perez via Complaint on February 23, 2021, and was given a case number of 3:21-cv-00141. An Answer was filed by the 3 defendants in that case on March 25, 2021.

On April 27, 2021, Defendants filed a Motion for Judgment on the Pleadings and ultimately prevailed as to Jeffrey Pimer. On September 10, 2021, Chief Judge Waverly D. Crenshaw, Jr. ordered that the Court dismiss the case *with prejudice* against Defendant Jeffrey Primer, on the grounds that the "Sutton Doctrine" prevented subrogation against a lessee, but left the door open for plaintiff to re-file against Addington and Perez, as – unlike Jeffrey Pimer - their names were not on the Lease. See Exhibit "D".

> The Court will dismiss the Complaint without prejudice to refiling on a very limited basis. The Pimer Lease does not contain Ms. Addington's name or Mr. Perez's name. (Doc. No. 24-1). The Court's foregoing analysis might change if Ms. Addington and Mr. Perez were not ARIC's tenants subject to the terms of the Pimer Lease on the date of the fire. But the Court must conclude that they were, based on ARIC's own alleged facts. ARIC stipulates that (1) Ms. Addington and Mr. Perez were Mr. Brazzel's tenants at 312 West Railroad Street on the date of the fire (Doc. No. 1 ¶¶ 6–7), (2) the Pimer Lease was "in effect" on that date (Doc. No. 24 at 1), and (3) the Pimer Lease provides for 312 West Railroad Street to be occupied "solely" by Mr. Pimer "and family" (Doc. No. 24-1 at 1). (ARIC also admits in its opposition brief that the Pimer Lease covers Ms. Addington

---

[5] As Addington and Perez are not related by blood, marriage, adoption or otherwise, they cannot be considered "related" under the definition of family even if they "functioned" as a family in their romantic relationship. See Intestate Succession discussion below.

[6] It is relevant to note that the plaintiff and "real party in interest" is American Reliable Insurance Company as subrogee of Bill Brazzel <u>and not Bill Brazzel</u>, who is not a party to this case.

and Mr. Perez, by referring to it as "the lease between plaintiff's insured ... and defendants." (Doc. No. 28 at 1). The Court does not consider the content of that admission as fact for the purposes of its present ruling, because the opposition brief is not part of the pleadings. See Laporte v. City of Nashville, No. 3:18-CV-00282, 2019 WL 845413, at *3 (M.D. Tenn. Feb. 21, 2019).) Dismissal is appropriate because the facts ARIC alleges do not plausibly support a legal claim in view of the Sutton Rule. See Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (pleadings must "render the legal claim plausible, i.e., more than merely possible" to survive dismissal). **But due to the absence of Ms. Addington's name and Mr. Perez's name in the Pimer Lease, the Court will dismiss ARIC's claims against them without prejudice.** Defendants have no right to refile against Mr. Pimer's estate.

Am. Reliable Ins. Co. v. Addington, No. 3:21-CV-00141, 2021 WL 4130557, at *4 (M.D. Tenn. Sept. 10, 2021)(emphasis added).

Pursuant to the Court's ruling, plaintiff filed an Amended Complaint against Addington and Perez on September 30, 2021. However, that Complaint was stricken per the Court's Order of November 8, 2021 noting that "[Case 3:21-cv-00141] remains closed. If Plaintiff wishes to pursue its claim further, it must file *a new action*." (Doc. 41 of Case 3:21-cv-00141)(emphasis added). Accordingly, Plaintiff filed the instant action against only Addington and Perez on November 11, 2021 (Doc 1.), and Defendants filed the Answer at issue on December 7, 2021. (Doc. 15).

**ARGUMENT**

I.    **MOTION TO STRIKE**

**RULE 12(f)**

Federal Rule of Civil Procedure 12(f) states,

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

While admittedly, "motions to strike are viewed with disfavor and are not frequently granted." Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015). The Sixth Circuit recognizes their utility when, "[t]he function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015). Moreover, with respect to motions to strike affirmative defenses, they "are properly granted when 'plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" Thomas v. Imperial Cleaning Sys., Inc., No. 3:18-CV-00772, 2019 WL 3210101, at *3 (M.D. Tenn. June 20, 2019).

As this case turns solely on whether the "Sutton Doctrine" is applicable to the two defendants who were not named on the lease, plaintiff's motion to strike is appropriate in that it would serve to dispense, one way or the other, with the heart of this matter early on in this case and thereby save the parties and the Court time and expense. Furthermore, as more fully explained below, as the Sutton Doctrine requires tenancy under a lease, and the instant defendants are neither named tenants or related to the sole lessee, Jeffrey Pimer, under no set of facts would Defendants Addington and Perez be able to avail themselves of the "Sutton" affirmative defense. As such, the Honorable Court should sustain Plaintiff's instant motion(s).

## Motion to Strike - Affirmative Defense #1

Defendants pled the following as their first Affirmative Defense: **"The defendants deny any and all negligence, negligence per se, or fault for the alleged subject accident. The defendants affirmatively assert that they had used a kerosene heater to heat this property**

**for years with the knowledge of the plaintiff, Bill Brazzel, and had no issues."** (Exhibit "B",

Affirmative Defense 1). Plaintiff moves to strike said defense as immaterial, as it is nothing more

than a red herring, under Rule 12(f).

As noted in Plaintiff's Complaint, the alleged negligence was not the use of the kerosene

heater *per se*, but rather the use of gasoline to fuel the kerosene heater *on the day of the fire*.

(Exhibit "A" ¶23 and Exhibit "B" ¶23). Therefore, whether or not defendants had used the

kerosene heater "for years" with "no issues" and/or whether Bill Brazzel knew or did not know of

the kerosene heater is immaterial and irrelevant to the instant matter. What matters for the purposes

of this action in tort is whether defendants' act of using the kerosene heater with an incompatible

fuel was negligent[7] and, if so, whether that negligence led to the fire and resultant damages on

November 13, 2019. As tempting fate and getting away with it for an extended period of time is

no tort defense[8], Defendants' first Affirmative Defense must be stricken with prejudice.

## Motion to Strike - Affirmative Defense #2 and 3

As their second and third Affirmative Defenses, defendants pled the "Sutton Rule":

> **2. The defendants affirmatively assert that** *they*
> *functioned as a "family"* **and thus, are considered tenants**
> *under the lease***.**
>
> **3. The claims of the plaintiffs are barred by the "Sutton**
> **Rule," because** *the lease between the parties* **does not**
> **clearly and unequivocally state that the defendant**
> **tenants were not to be considered as co-insureds under**
> **the insurance policy obtained by Bill Brazzel. As the**
> **tenant defendants were deemed co-insureds under the**
> **landlord's insurance policy, the plaintiff is barred from**
> **bringing this subrogation action.**
>
> Exhibit "B", Affirmative Defense 2 and 3 (emphasis added).

---

[7] By its very nature and name, "kerosene heaters" should only be fueled by kerosene.
[8] Rather, it is proof of a pattern of and/or ongoing negligence.

Chief Judge Crenshaw, Jr. correctly and succinctly explained the "Sutton Rule" as follows,

> Under the Sutton Rule, "absent an express agreement to the contrary **in a lease**, a tenant and his or her landlord are implied coinsureds under the landlord's fire insurance policy." Dattel, 250 S.W.3d at 889 (citation and quotation omitted). In those circumstances, "the landlord's liability insurer is precluded from bringing a subrogation action against the negligent tenant." Id.
>
> The Sutton Rule **prohibits insurers' subrogation actions against tenants <u>whose leases</u> are "silent" as to insurance**. Watson, 2005 WL 457846, at *9. Plainly, a lease silent regarding fire insurance coverage cannot "express[ly]" exclude tenants from that coverage. See id.
>
> <u>Am. Reliable Ins. Co. v. Addington</u>, No. 3:21-CV-00141, 2021 WL 4130557, at *2 (M.D. Tenn. Sept. 10, 2021)(emphasis added).

As pointed out by Chief Judge Crenshaw Jr., and tacitly admitted in defendants' own Affirmative Defenses, the existence of a "lease" between a tenant and landlord is fundamental to the Sutton Rule analysis; as the terms of the lease or the silence therein regarding insuring the property is the key to determining the applicability of the Sutton Rule. Id.

Further, as noted by the Tennessee Court of Appeals in <u>Travelers Prop. Cas. Co. of Am. v. Terry</u>, 2007 WL 49558, (Tenn. Ct. App. Jan. 5, 2007), *having privity* under the lease is essential to availing yourself of Sutton's protection from subrogation liability. In <u>Travelers</u>, the Court of Appeals held that the tenant of the condominium unit owner, who allegedly caused a fire, *was not protected* by the Sutton Rule from the subrogation claims of the condominium association's insurance carrier, Travelers, because he had no contractual relationship with its insured; his contractual relationship was with the unit owner.

The Court explained that "[u]nder the Sutton rule, 'the parties are [implied] co-insureds [and thus protected from subrogation] because of the reasonable expectations **they derive from**

*their privity under the lease*.'" Id. at \*3 (citing Allstate Ins. Co. v. Watson, 2005 WL 457846, at \*4 (citing 6A John A. Appleman & Jean Appleman, Insurance Law and Practice § 4055, at 77-78 (Supp.1991)). When a party lacks said privity, Sutton is inapplicable to that party[9]. Id.

While plaintiff does not agree with the decision to dismiss Pimer pursuant to the Sutton Rule, it is undisputable that Pimer (tenant) was in privity under the lease with Brazzel (landlord). That is not the case with Defendants Addington and Perez. Neither Addington nor Perez are named on the lease. See Exhibit "C", which notes "Jeffrey Pimer" as the sole lessee and is signed only by Pimer (as Lessee) and Brazzel (as Lessor). There are no other leases that exist concerning the Brazzel property. See Exhibit "B" ¶¶7 -10[10]. In other words, there are no updated leases, amendments or otherwise for the subject property which name or identify Addington and/or Perez as lessees. See Exhibit "B" ¶¶7 -10.

Defendants have conceded via implicit admission that Pimer and Addington/Perez were not a "family" in either the plain meaning or legal definition of the word, when they characterized and qualified their relationship with Pimer as a "functioning" family.  See Exhibit "B" ¶¶13 and Affirmative Defense 2)). While this "functional" characterization does not diminish the affection these individuals may have had for each other, unlike a true familial relationship (by blood, marriage, or adoption[11]), said relationship(s) did not create any automatic legal rights that would convey between Primer and Addington/Perez.  For instance, had Perez been a minor, Pimer would

---

[9] While the issue was not before them, the Travelers Court did imply that had the tortfeasor been the Unit Owner rather than Unit Owner's tenant, Sutton would likely have applied to bar Travelers claim against the Unit Owner. Id. In this case the unit owner would be akin (in relation to the insured) to Jeffrey Pimer and Addington/Perez would be, at best, akin to the tenant of the unit owner.

[10] Additionally, defendants have not pled the existence of any other lease, written, oral or otherwise. Rather, they rely solely on the faulty argument that a "functional family" should be considered tenants under the Pimer/Brazzel lease. If any other leases existed, said leases would have (and should have) been pled in their Answer per FRCP 8(c).

[11] "related" (www.merriamwebster.com (derived from Merriam-Webster's Collegiate Dictionary 11th ed.))

not have automatically received parental rights by being in a romantic relationship with his mother, Addington, or by "functioning" as a father. Also, neither Addington nor Perez are eligible to take pursuant to Tennessee's intestate succession laws, T.C.A. §§ 31-1-101 to 31-7-117, from Pimer's Estate by simply claiming that they had "functioned" in life like a family. Moreover, and more importantly, functioning as a family did not create privity within the lease between Addington/Perez and Brazzel.

While the lease does mention "family", the term is not qualified and is unambiguous. Therefore, the plain meaning of the word "family" must be applied, <u>Dick Broad. Co. of Tennessee v. Oak Ridge FM, Inc.</u>, 395 S.W.3d 653, 659 (Tenn. 2013) ("The literal meaning of the contract language controls if the language is clear and unambiguous."), to bar Addington/Perez from creating privity in that way[12].

Defendants' argument that because they "functioned as a family" the Court should deem them "tenants" under the lease (Doc 15, Affirmative Defense 2), is quite disingenuous and, frankly, would set a dangerous precedent moving forward for both landlords and tenants. For instance, while the intent here is to avail themselves - through the lease - of the Sutton Rule defense, assuming *arguendo* that the act of "functioning as a family" could give rise to privity under a lease and thus "tenant" status, logic would dictate that those who simply "functioned" as a family would not only be able to take the benefits of the lease but also take on the liabilities therein. Surely, defendants are not arguing that had Pimer defaulted on the lease, Brazzel could have sought judgment against them- two adult individuals who are neither named on the lease nor signed the lease - for Pimer's default? Of course not, Brazzel would not have standing to assert a claim against

---

[12] Additionally, as the lease also bars Pimer from assigning or subleasing the premises, Exhibit "C", §5¶A, Addington/Perez would not even have been eligible to establish privity with the lease through assignment or sublease.

them because *there is no privity*. In fact, even if Brazzel mistakenly believed Addington and Pimer were actually married, an argument defendant is expected to make, privity to the lease would still not have been created; and without privity to the lease, one cannot seek protection from subrogation via the Sutton Rule. Travelers Prop. Cas. Co. of Am. v. Terry, *supra* at *3.

Accordingly, whether they functioned as a family with Pimer or not, defendants had no privity with the lease and therefore their Affirmative Defenses based on the Sutton Rule (#2 and 3) must be stricken with prejudice.

**Motion to Strike - Affirmative Defense #4**

Defendants' fourth affirmative defense states, **"[t]he plaintiff is judicially estopped from changing the allegations in the Complaint that the defendants are not "tenants" under the lease. The plaintiff previously plead that the defendants were "tenants" under the lease."**

It is true, plaintiff's original Complaint against Pimer, Addington and Perez in Case 3:21-cv-00141 stated, "[a]t all times relevant hereto, the subject property was rented out by Brazzel as residential housing to Defendants Addington, Pimer and Perez." (Doc 1 ¶6 in Case No. 3:21-cv-00141). This was a mistake. While not an excuse for a clear drafting mistake by counsel, it must be noted that Plaintiff *is* American Reliable Insurance Company and *not* Bill Brazzel. As such, and as is common to all subrogation claims filed by the subrogee standing in the shoes of its insured, the averments made by the plaintiff insurer are made via information and belief; information and belief gathered through investigation rather than direct personal knowledge of the underlying events. Regardless of how embarrassing that mistake was, the impact of that mistake (even if it had not been corrected in the amended pleadings filed subsequent to it) is minimal as it cannot create *actual* privity between Brazzel, who is not a party to this or the prior action, and the

defendants. Moreover, said mistake was corrected in an Amended Complaint (Doc. 39 in Case 3:21-cv-00141) and again in the Complaint filed in the current action (Doc. 1).

It goes without saying that by their very nature, amended pleadings supersede and nullify the original pleadings they amend. While the 6th Circuit has noted that, "pleadings withdrawn or superseded by amended pleadings are admissions against the pleader *in the action in which they were filed*", said admissions are simply evidentiary admissions (for the purposes of impeachment) and not irrebuttable judicial admissions as the defendants suggest in their Affirmative Defense. Pennsylvania Railroad Company v. City of Girard, 210 F.2d 437, 440 (6th Cir. 1954) (emphasis added).

Judge David M. Lawson of the Eastern District of Michigan summarized the 6th Circuit's stance on this issue in Davis v. Echo Valley Condo. Ass'n, 349 F. Supp. 3d 645, 653 (E.D. Mich. 2018), aff'd, 945 F.3d 483 (6th Cir. 2019):

> Davis fails to recognize that the defendants filed an answer to the amended complaint, which essentially nullifies its original answer as a pleading in the case. "'Generally, amended pleadings supersede original pleadings.'" Braden v. United States, 817 F.3d 926, 930 (6th Cir. 2016) (quoting Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir. 2014)). Davis relies on Pennsylvania Railroad Company v. City of Girard, 210 F.2d 437, 440 (6th Cir. 1954), in which the court noted that "pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed." That may be true, but *those "admissions" are evidentiary admissions, not judicial admissions*. See ibid. (noting that the statement in the original cross-petition "stood admitted on the pleadings until the filing of the amended cross-petition," whereupon the statement in the original pleading became "an admission against interest"). *An evidentiary admission does not preclude contrary proof to dispute a fact*, and it certainly would not serve as a bar to Clor's testimony. See Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship, 441 F. App'x 310, 313 (6th Cir. 2011).

<u>Id.</u> (emphasis added).

The takeaway for the instant matter is two-fold. Firstly, and most importantly, the averments in plaintiff's original Complaint cannot be used in this matter as they were made in another action[13]. <u>Pennsylvania Railroad Company v. City of Girard</u>, 210 F.2d 437, 440 (6th Cir. 1954) (pleading admissions can only be used against the pleader *in the action in which they were filed*). Secondly, assuming *arguendo,* that defendants could use that averment here as an admission, said averment could only be used for the limited purpose of the impeachment of the corporate representative of American Reliable Insurance Company[14], and could not be used – as proposed by the defendants in their Affirmative Defense – as an irrebuttable judicial admission barring plaintiff's privity argument.

Accordingly, as defendants' fourth Affirmative Defense has no merit and is therefore immaterial to the current action, it must be stricken with prejudice.

WHEREFORE, Plaintiff ARIC requests the Honorable Court grant its Motion to Strike and strike defendants' Affirmative Defenses 1-4 from their Answer with prejudice.

## II. <u>MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>

Should the Honorable Court determine that the issue(s) presented, particularly the applicability of the Sutton Rule, are more appropriately handled under the rubric of a Judgment on the Pleadings, plaintiff moves for partial Judgement on the Pleadings on those issues.

## <u>RULE 12(c)</u>

Federal Rule of Civil Procedure 12(c) states,

---

[13] Chief Judge Crenshaw Jr. made it abundantly clear to the parties that the prior matter was closed and that this instant action was to be considered a "new action". (Doc. 41 of Case 3:21-cv-00141).
[14] Defendants would also be precluded from using it against Bill Brazzel as said averment is attributable to ARIC not Brazzel.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

"For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." <u>JPMorgan Chase Bank, N.A. v. Winget</u>, 510 F.3d 577, 581 (6th Cir.2007). However, ***the court need not accept as true legal conclusions or unwarranted factual inferences.*** <u>Lee v. Robinson, Raegan & Young, PLLC</u>, 2015 WL 328323 at *1 (M.D. Tenn. Jan. 26, 2015) (emphasis added). Further, plaintiff's motion should be granted if "(1) the admissions in the defendant's Answer entitle the plaintiff to judgment as a matter of law, and (2) the defendant's affirmative defenses do not require factual development." <u>Id.</u>

In the instant matter, both conditions are satisfied and therefore plaintiff is entitled to a Judgment on the Pleadings with respect to the inapplicability of the Sutton Rule to Defendants Addington and Perez.

## <u>MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE SUTTON RULE</u>

Plaintiff incorporates by reference, and relies on, the facts, law and argument set forth above in its Motion to Dismiss Defendants' Affirmative Defenses Nos. 2-3 to support its Rule 12 (c) motion. However, plaintiff would be remiss if it did not add that, pursuant to the two-part test stated in <u>Lee</u> by Judge Trauger, plaintiff is clearly entitled to judgment on the Sutton Rule.

In their Answer, defendants admit: 1) by their own qualification that they only "functioned" as a family, and therefore they are not – in the legal or plain meaning sense - a "family" (Exhibit "B" ¶¶13 and Affirmative Defense 2); and 2) that Addington and Pimer were not married and were simply in a "romantic relationship" (Exhibit "B" ¶13). Neither of these facts would allow for the

finding that Addington or her adult son Perez are privy to the lease. Privity being a prerequisite for Sutton Rule applicability. <u>Travelers Prop. Cas. Co. of Am. v. Terry</u>, 2007 WL 49558, (Tenn. Ct. App. Jan. 5, 2007). Since the lack of privity is fatal to defendants' Sutton Rule defense and no other facts can change their status to create privity under the Brazzel/Pimer lease[15], Plaintiff's Motion for Judgment on the Pleadings should be granted.

WHEREFORE, Plaintiff ARIC requests the Honorable Court grant its Motion for Judgment on the Pleadings and dismiss Defendants' Sutton Rule defense with prejudice.

Respectfully submitted,

<u>The Plaintiff,</u>
**<u>AMERICAN RELIABLE</u>**
**<u>INSURANCE COMPANY,</u>**

By Its Attorneys,

<u>/s/ *Will Sylianteng*</u>
Guillermo (Will) Sylianteng
WES Litigation Group LLC
196 W. Ashland St.
Doylestown, PA 18901
(267)884-0725
wes@weslitigation.com

---

[15] As noted above, even – assuming *arguendo* – Brazzel knew that Addington/Perez were staying with Pimer and did not protest or he mistakenly thought they were actually married, neither of these scenarios would give Addington/Perez privity to the benefits or the liabilities within the lease at issue. And, therefore, they are not protected from Plaintiff's claims by the Sutton Rule.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of December, 2021, a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Strike/Motion for Judgment on the Pleadings was filed electronically.

**Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.** All other parties, if any, will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

*/s/ Will Sylianteng*
Guillermo (Will) Sylianteng
WES Litigation Group LLC
