IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| American Reliable | |
| Insurance Company a/s/o | |
| Bill Brazzel | |
| | CIVIL ACTION NO.: |
| | 3:21-cv-00848 |
| Plaintiff, | |
| vs. | |
| | |
| | |
| Laurie Addington, et al. | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, American Reliable Insurance Company ("ARIC") as subrogee of Bill Brazzel ("Brazzel"), by and through undersigned counsel, and responds in opposition to Defendants' Motion for Summary Judgment by its response below and its contemporaneously filed Memorandum of Law.

1. Denied that the Sutton Rule applies to defendants. As specifically noted by this Court in Am. Reliable Ins. Co. v. Addington, 559 F.Supp.3d. 656 (M.D. Tenn. 2021), the Sutton Rule, and the anti-subrogation protections that flow from it, is dependent on the terms (or lack thereof) of a lease and a valid tenancy under said lease. Id. at 659 ("[t]he Sutton Rule *prohibits insurers' subrogation actions against tenants whose leases are "silent" as to insurance*." Id. at 659 (quoting Watson, 2005 WL 457846, at *9) (emphasis added)). This Court has already acknowledged this prerequisite in the predecessor case, Am. Reliable Ins. Co. v. Pimer, et al., NO. 3:21-cv-00141, that "[T]he Pimer Lease [the lease at issue herein] does not contain Ms. Addington's name or Mr. Perez's name. The Court's foregoing analysis [which applied the Sutton Rule to Jeffrey

Pimer, the lessee on the lease at issue] might change if Ms. Addington and Mr. Perez were not [Brazzel's] tenants subject to the terms of the Pimer Lease on the date of the fire." Id. at fn. 4. As neither defendant, Addington or Perez, was a tenant on the lease at issue, *which was between Pimer and Brazzel only*, neither defendant can avail themselves of the Sutton Rule to avoid liability for underlying fire.

2. Denied that defendants are co-tenants under the lease. It is specifically denied that the undisputed material facts establish that Defendants were considered "co-tenants" under the Lease Agreement entered into between Jeffrey Pimer an Bill Brazzel. In fact, the opposite is true. It is undisputed that:

    a. The lease does not name either Addington or Perez (See the Lease, which is Exhibit "B" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

    b. Neither Addington nor Perez are signatories on the lease for 312 West Railroad St. property. See Lease, Exhibit "B".

    c. Addington was never married to Pimer. See Defendants' Responses to Request for Admissions No.8, Exhibit "C" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

    d. Pimer had no legal parental rights over Perez. See Defendants' Responses to Request for Admissions No.9, Exhibit "C" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

e. Addington and Perez were not related to Pimer by blood, marriage or adoption. See Defendants' Responses to Request for Admissions No.10, Exhibit "C" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

f. Brazzel collected rent only from Primer. See Brazzel Dep. P. 23, L. 2-5 (Exhibit "A" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

g. Neither Addington nor Perez paid rent to Brazzel. See Brazzel Dep. P. 23, L. 10-17 (Exhibit "A" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

h. The lease specifically prohibited subleasing and/or assignments. (See the Lease, which is Exhibit "B" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

i. With respect to his 312 W. Railroad property, Brazzel did not agree to (or approve) any sublease or assignment of the Pimer lease. See Brazzel Dep. P. 21 L. 23 to P. 22 L. 20. (Exhibit "A" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts);

j. The lease pre-dates the Pimer and Addington/Perez relationship. See Brazzel Dep. P.12 L. 8-16 and P. 23 L. 18-22. (Exhibit "A" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts).

While it is a creative argument, there is no support for the proposition that Jeffrey Pimer[1] had the power to either: 1) unilaterally alter a lease to include Addington and Perez, persons neither named on the lease nor signatories to said lease, by simply stating out loud (*post-execution of the lease*) that he considered them "family"; or 2) create familial legal rights, with respect to the lease or in other areas, with such a declaration – especially in Tennessee, a state which has never recognized "common-law" marriage. <u>Smith v. N. Memphis Sav. Bank</u>, 89 S.W. 392, 393 (Tn.1905). Accordingly, while Pimer may have, **on the day**[2] he stated that he considered Addington and Perez "family", felt a strong affinity for them, his statement did not create any legally enforceable rights which would make <u>Sutton</u> applicable to them.

3. Denied that the lease is ambiguous. Quoting from Defendants' own memorandum of law in support of their motion, "A cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties. <u>Christenberry v. Tipton</u>, 160 S.W.3d 487, 494 (Tenn. 2005). In interpreting contractual language, ***courts look to the plain meaning of the words*** in the document to ascertain the parties' intent. <u>Planters Gin Co. v. Fed. Compress & Warehouse Co</u>., 78 S.W.3d 885, 889-90 (Tenn. 2002). ***This Court's initial task in construing the Lease at issue is to determine whether the language is ambiguous***. <u>Id</u>. at 890. ***If the language is clear and***

---

[1] Or any other tenant in the State of Tennessee (as this case will have far reaching consequences both in terms of landlord-tenant law as well as other areas of contract law)

[2] If you follow defendants' argument to its logical conclusion, assuming *arguendo,* that a declaration of a feeling of familial affinity towards another could unilaterally manifest legal rights under a lease (or elsewhere), then Pimer could have – in an argument with his girlfriend (Addington) or her son (Perez) – just as easily unilaterally eliminated those rights on a whim; making the defendants' status as tenants temporally based on Pimer's feeling for them on a particular day, hour, or minute. Such a system would create a set of legal rights subject to the fickleness of a single man (counter that with legal security/certainty of familial relationships based on blood relation or the legally binding contractual safeguards of marriage or adoption).

***unambiguous, the literal meaning controls the outcome of the dispute***. Id. See Defendants' Memorandum of Law p.7. Plaintiff agrees with defendants' recitation of Tennessee's rules regarding contractual interpretation. Where plaintiff disagrees is defendants' belief that the word "family" as stated in the lease is somehow ambiguous to the point that the Court need look beyond the literal meaning of the word. To the contrary, the word "family" is clear and unambiguous, *especially when it comes to the passing on of property rights (sans Will)*; neither Addington nor Perez are eligible to take pursuant to Tennessee's intestate succession laws, T.C.A. §§ 31-1-101 to 31-7-117, from Pimer's Estate regardless of whether he considered them "family".

In fact, defendants acknowledge this by admitting that "**neither Addington nor Perez are eligible beneficiaries to the Estate of Pimer.**" See Defendants' Responses to Request for Admissions No.18 (Exhibit "C" to Plaintiff's Response to Defendant's Statements of Undisputed Facts and Plaintiff's Additional Undisputed/Disputed Facts). It is further acknowledged by them, though tacitly in *their pleadings and even in the instant motion and related memorandum of law*, that they in fact are not "family" by constantly having to qualify their status with words like "*considered* them family" or "*functioned* as a family". Clearly, a qualification is unnecessary if you fit the plain meaning of the word.[3].

---

[3] Plaintiff admits that this would be a closer call if either Addington or Perez were related by blood, marriage or adoption. For instance, whether in-laws or aunts are "family" within the contemplation of the lease. However, that is not the case here where neither Addington or Perez are *related* to the tenant, Jeffrey Pimer.

WHEREFORE, Plaintiff respectfully requests this Court deny defendants' Motion for Summary Judgment and declare that the Sutton Rule does not apply to them.

Respectfully submitted,

The Plaintiff,
**AMERICAN RELIABLE**
**INSURANCE COMPANY,**

By Its Attorneys,

/s/ *Will Sylianteng*
Guillermo (Will) Sylianteng
WES Litigation Group LLC
196 W. Ashland St.
Doylestown, PA 18901
(267)884-0725
wes@weslitigation.com

Stephen W. Elliott
Fetlework S. Balite-Panelo
Howell& Fisher PLLC
3310 West End Ave., Suite 550
Nashville, TN 37203

6
Case 3:21-cv-00848   Document 34   Filed 11/08/22   Page 6 of 7 PageID #: 194

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 8, 2022, a copy of the foregoing Response to Defendants' Motion for Summary Judgment was filed electronically. Notice and a copy of the filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this file through the Court's electronic filing system.

Parks T. Chastain, Esq.
Hannah J. Leifel, Esq.
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
pchastain@bkblaw.com
hleifel@bkblaw.com
Attorneys for Defendants

                                              /s/ *Will Sylianteng*
                                              Guillermo (Will) Sylianteng
                                              WES Litigation Group LLC