IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY a/s/o BILL BRAZZEL, ) ) ) Plaintiff, ) ) v. ) ) LAURIE ADDINGTON, and ) DAVID BROGDON, ESQ., as ) ADMINISTRATOR AD LITEM OF THE ) ESTATE OF JOSHUA MICHAEL ) PEREZ, ) ) Defendants. ) | No. 3:21-CV-00848 JURY DEMANDED Chief Judge Waverly Crenshaw Magistrate Judge Barbara D. Holmes |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now the defendants, Laurie Addington and David Brogdon, Esquire, as Administrator Ad Litem of the estate of Joshua Michael Perez (collectively "Defendants"), by and through undersigned counsel, and hereby submit their Reply to Plaintiff, American Reliable Insurance Company a/s/o Bill Brazzel ("Plaintiff"), Response in Opposition to their Motion for Summary Judgment.

**I. Defendants' Motion should be granted because Defendants are co-tenants under the Lease.**

Plaintiff first argues that the existence of a 'lease' between a tenant and landlord is fundamental to the Sutton Rule analysis. Plaintiff relies on the case Travelers Prop. Cas. Co. of Am. v. Terry, where the Tennessee Court of Appeals found that the Sutton Rule did not apply to the tenant of a condominium unit because the unit owner's tenant had no contractual relationship with the building owner. In Terry, the Court reasoned that under

the *Sutton* rule, "the parties are co-insureds because of the reasonable expectations they derive from their privity under the lease." Id., at *11 (quoting Allstate v. Watson, 2005 Tenn. LEXIS 669, 2005 WL 457846, at *4.

However, the Terry case does not apply here. Unlike Terry, where there was no lease agreement between the building owner seeking subrogation against the tenant, there is a lease in this case. Specifically, the Lease with Brazzel applied to Pimer and "family" which included Defendants, and thus, there is a contractual relationship between Brazzel and Defendants. While Defendants are not specifically named on the Lease, the Lease equally applies to Defendants as co-tenants with a possessory interest in the property. "The Sutton rule recognizes the reality that both the landlord and the tenant have an insurable interest in the rented premises, where the landlord has an ownership interest, and the tenant has a possessory interest." Cmty. Ass'n Underwriters of Am., Inc. v. Kalles, 164 Wash. App. 30, 36, 259 P.3d 1154, 1158 (2011). As the Tennessee Supreme Court explained:

> [T]he *Sutton* rule prevents landlords from engaging in gamesmanship when drafting leases by providing the necessary incentive for them, if they so desire, to place express subrogation provisions in their leases. If such a provision is placed in their lease, tenants will be on notice that they need to purchase liability insurance. If such a provision is not included in their lease, insurers will pass the increased risk along to landlords in the form of higher premiums, and landlords, in turn, will pass along the higher premiums to tenants in the form of increased rent. As the court in *Sutton* did 30 years ago, we acknowledge that this is almost certainly the current commercial reality.

Watson, 2005 WL 457846, at *5.

In this case, equity requires the Sutton Rule to apply and prevent Brazzel, and Plaintiff, from engaging in gamesmanship for drafting a poorly worded lease to apply to

the named tenant "and family", when Defendants had a possessory interest in the property and a reasonable expectation that the Lease applied to them as tenants. Brazzel drafted the Lease and failed to define the term "family." SUMF ¶¶ 3, 4. While Plaintiff argues that Pimer and Addington were not legally married, that does not change the fact that they functioned as a "family" under the terms of the Lease. The only material facts that matter in this case are as follows:

- Pimer considered Addington and Perez to be his "family." Pltff's Response to SUMF ¶ 5.

- Brazzel understood Addington and Perez to be Pimer's "family." SUMF ¶ 10.

- Brazzel knew for multiple years that Addington and Perez were residing at the property and never objected to it. SUMF ¶¶ 6, 9.

Again, the fact that Pimer and Addington were not legally married does not change the fact that the Lease applied to Defendants as Pimer's "family." What does matter is the fact that Brazzel and Pimer entered into the Lease and Brazzel knew that Defendants were residing at the property pursuant to the Lease. See Pltff's Response to SUMF ¶ 6.

Plaintiff's position hinges on the argument that Defendants cannot be considered tenants because "a declaration of a feeling of familial affinity towards another" cannot manifest contractual rights under a lease. See Pltff's Response at 8. However, Plaintiff's entire argument overlooks the main issue – that Brazzel was not only aware that Defendants resided at the premises for multiple years, but also consented to Defendants living at the property. See Pltff's Responses to SUMF ¶¶ 6,7, 9. This was not a situation where Brazzel was aware that, from time to time, Defendants would stay over at Pimer's property as guests. On the contrary, Defendants had a possessory interest in the property as they resided at the property full time for several years and Brazzel, as the Landlord, approved it. See Pltff's

Response to SUMF ¶ 9. It is irrelevant that Defendants did not deal with Brazzel in regard to rent or property maintenance. It is not a requirement that each and every tenant deal with the landlord. In fact, many times, a single tenant deals with the landlord as the main point of contact. That certainly does not mean that other co-tenants residing at the property should not be considered tenants.

Therefore, the Sutton Rule equally applies to Defendants, as tenants with a possessory interest in the property, and therefore, Plaintiff cannot seek subrogation against Defendants.

## II. Plaintiff has failed to establish how the term "family" in the Lease is not ambiguous.

Next, Plaintiff makes a blanket assertion that the term "family" in the Lease is not ambiguous. Notably, Plaintiff fails to even address the fact that the term "family" is susceptible to more than one reasonable interpretation. Even assuming, *arguendo*, that the term "family" is so narrowly limited to only include persons related by blood, marriage, or adoption, that does not negate the fact that the term "family" as used in the Lease, is ambiguous.

Again, a cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties. Christenberry v. Tipton, 160 S.W.3d 487, 494 (Tenn. 2005). As stated in Defendants' Memorandum of law, if the words in a contract are susceptible to more than one reasonable interpretation, the parties' intent cannot be determined by a literal interpretation of the language. Id. Contractual language "is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn. 1975).

Furthermore, "any ambiguity should be construed in favor of the non-drafting party." Moore & Assocs. Memphis LLC v. Greystone Homeowners Ass'n, No. W2016-00721-COA-R3-CV, 2017 Tenn. App. LEXIS 36, at *13 (Ct. App. Jan. 20, 2017); *See, e.g.,* Crye-Leike v. Carver, 415 S.W.3d 808, 816 (Tenn. Ct. App. 2011) ("Tennessee courts adhere to the general rule that ambiguities in a contract are construed against the drafter"); German v. Ford, 300 S.W.3d 692, 704 (Tenn. Ct. App. 2009) ("doubtful language is construed against the party who drafted the contract"); Ralph v. Pipkin, 183 S.W.3d 362, 367 (Tenn. Ct. App. 2005) ("[w]e generally will construe ambiguous terms against the drafter").

The Lease provided that the property shall be "occupied by the Lessee solely as a private dwelling for the Lessee and family." SUMF ¶ 3. The Lease also stated that the property should be used "solely as a private dwelling for the lessee's household…." Defs. Repsonse to Pltff's Addt'l SUMF ¶ 6. The Lease was drafted by Brazzel, who failed to define the term "family" or the term "household." SUMF ¶¶ 3, 4; Defs. Repsonse to Pltff's Addt'l SUMF ¶ 6. Importantly, the Tennessee Court of Appeals has explained the broader concept of family and household. Nat'l Ins. Ass'n v. Simpson, 155 S.W.3d 134, 139 (Tenn. Ct. App. 2004). In Simpson, the Court expanded family to "recognize a household as a group or set of persons who dwell together as a family under the same roof."

In this case, it is clearly undisputed that Defendants and Pimer, as a group of persons, dwelled together as a family under the same roof. Contrary to Plaintiff's argument, the definition of "family" is not so narrow under Tennessee law to only include persons related by blood, marriage, or adoption. Rather, the definition of "family" is broader and includes persons who are living together under the same roof in a romantic

relationship. Thus, the only material facts to this controversy is that Defendants and Pimer functioned as a family because the Lease must be given effect to the intention of the parties. As stated above, it is undisputed that Brazzel knew that the Defendants were **residing** at the property and never objected to it. Pltff's Response to SUMF ¶¶ 6,9. More importantly, Pimer introduced Defendants as his "family" to Brazzel and thus, Brazzel understood them to be living as a family at the property. Pltff's Response to SUMF ¶¶ 5, 10.

As a result, the clear intention of the parties was that the Lease would cover Pimer and his "family", meaning Defendants. Additionally, since the term "family" is ambiguous, it must be construed against the drafter, Brazzel. Therefore, the Court should find that the Lease applies to Defendants as Pimer's "family" and thus, the "Sutton Doctrine" would apply to bar Plaintiff's claims.

### III. Granting Defendants' Motion would not be against public policy and certainly would not set a dangerous precedent.

In a last attempt to argue against Defendants' Motion, Plaintiff asserts that if the Court granted this Motion, it would set a dangerous precedent that would "stand for the proposition that a lessee could, unilaterally (without the consent of the other contracting party), alter a contract to add or delete individuals based on his or her affection…." Pltff's Response at 12. However, this argument is absolutely baseless.

As previously discussed above, Brazzel consented to Defendants residing at the property. Pltff's Response to SUMF ¶¶ 6-9. At any given time, if Brazzel had an objection to Defendants residing at the property, he could have raised it. Likewise, if Brazzel believed that the Lease did not apply to Defendants, he could have had them sign a new

ST Addington Brazzel Reply MSJ 221121    6
Case 3:21-cv-00848    Document 38    Filed 11/22/22    Page 6 of 8 PageID #: 285

Lease at any time during the several years they resided at the property. However, Brazzel had no concerns over Defendants residing at the property under the terms of the Lease. Brazzel not only knew that Defendants resided at the property, but also he consented to it. Thus, a finding that Defendants are considered co-tenants under the Lease as Pimer's "family" would certainly not set a dangerous precedent. Quite the contrary, granting Defendants' Motion would be directly in line with well-settled Tennessee case law regarding contract interpretation.

**WHEREFORE**, Defendants respectfully move this Court for an Order granting summary judgment on all issues addressed herein in favor of Defendants as a matter of law, and that the case against them be dismissed with prejudice.

Respectfully submitted,

s/ Hannah J. Leifel
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**HANNAH J. LEIFEL**
Registration No. 038632
DIRECT: (615) 630-7722
(615) 256-8787, Ext. 152
hleifel@bkblaw.com
Attorneys for Defendants, Laurie Addington and David Brogdon, Esq., as Administrator Ad Litem of the Estate of Joshua Michael Perez

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 22nd day of November, 2022, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Stephen W. Elliott, Esquire
Fetlework S. Balite-Panelo, Esquire
Howell & Fisher PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203

Guillermo (Will) Sylianteng, Esquire
WES Litigation Group LLC
196 West Ashland Street
Doylestown, PA 18901

                                           s/ Hannah J. Leifel
                                           **HANNAH J. LEIFEL**